FILED
17 JUN 26 AM 9: 47
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN JOHNSON, | ) | CASE NO. 4:17 CV 609 |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| STEVEN MERLAK, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner John Johnson, an inmate in the Federal Correctional Institution in Elkton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming he is being denied a UNICOR job within the prison because he is a sexual offender and his crime involved use of a computer. He asserts inmates who used a computer in the course of their crimes are a suspect class and denying him a UNICOR job on the basis of this classification denied him equal protection under the Fourteenth Amendment. He seeks an Order from the Court requiring the Bureau of Prisons to transfer him to a facility where there is no such restriction on UNICOR jobs.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United

States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

Petitioner is not entitled to relief under 28 U.S.C. §2241. In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). However, § 2241 is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Therefore, any claim that does not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action, and cannot be brought in a habeas petition.

Here, Petitioner is not challenging the Bureau of Prisons' execution or calculation of his

federal sentence. Instead, he is challenging the prison's administrative policy that prohibits inmates who used computers in the course of committing their crimes from working at a UNICOR job where they may have access to a computer. Because this claim does not directly concern the duration of Petitioner's federal sentence or his release from incarceration with the Bureau of Prisons, it is not the proper subject of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## IV. CONCLUSION

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

DAN AARON POLSTER
**UNITED STATES DISTRICT JUDGE**